IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS H. CLAY, | § | |
| TDCJ #1124123, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3611 |
| | § | |
| TDCJ, *et al.*, | § | |
|     Defendants. | § | |

**ORDER**

On October 26, 2005, the Court dismissed the civil rights complaint filed by state inmate Thomas H. Clay after finding that he is barred from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g). Clay has filed objections to the dismissal order along with a notice of appeal. Because the objections are dated more than ten days after the judgment, the Court construes them as a motion for relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 5). The motion is denied for reasons outlined briefly below.

The Court dismissed this case without prejudice under 28 U.S.C. § 1915(g), which prohibits prisoners from proceeding *in forma pauperis* in federal court if, "while incarcerated or detained in any facility," the prisoner has brought three or more civil actions or appeals that were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. Section 1915(g) contains an exception where a prisoner is in imminent danger of serious physical injury. Clay does not allege or show that he fits within the exception. In this instance Clay objects to the dismissal because he has not had a civil action

dismissed as frivolous since 2002.

A national prisoner index reflects that the plaintiff has filed numerous lawsuits in federal court. In the dismissal order, the Court noted at least three civil actions filed previously by Clay while he was in custody or otherwise detained, in which the district court entered orders dismissing certain defendants and certain claims as frivolous. *See Clay v. Ramos, et al.*, Civil Action No. C-00-0409 (S.D. Tex.) (Docket Entry No. 12); *Clay v. Nueces County Jail, et al.*, Civil Action No. C-00-0477 (S.D. Tex.) (Docket Entry No. 22); *Clay v. Vasquez, et al.*, Civil Action No. C-01-0135 (S.D. Tex.) (Docket Entry No. 24). A review of the record in these cases shows that, after the partial dismissal orders were entered against Clay, all three were subsequently dismissed for want of prosecution after he refused to comply with court orders. The Fifth Circuit has indicated that partial dismissal orders can count as a strike under § 1915(g) under these circumstances. *See Comeaux v. Cockrell*, No. 02-20444, 72 F3d. Appx. 54 (5th Cir. July 15, 2003) (counting a partial dismissal order of certain malicious claims as a strike under § 1915(g), where the action was later dismissed for failure to obey court orders).

The dismissal order noted that other prisoner suits filed by Clay were also dismissed for want of prosecution. *See Clay v. Cox, et al.*, Civil Action No. C-00-0413 (S.D. Tex.); *Clay v. Victoria County Sheriff's Dep't Medical Svc.*, Civil Action No. 6-01-cv-0038 (S.D. Tex.); *Clay v. UTMB, et al.*, Civil Action No. 9-03-0268 (E.D. Tex.); *Clay v. TDCJ, et al.*, 9-04-0272 (E.D. Tex.); *Clay v. Spitz*, Civil Action No. 9-05-cv-0051 (E.D. Tex.). This Court concluded that Clay had engaged in a pattern of litigation conduct that abused judicial

resources. Apart from the restriction imposed by § 1915(g), federal courts have a responsibility to see that scarce judicial resources are allocated in a way that promotes the interests of justice. *See In re McDonald*, 489 U.S. 180, 184 (1989). Federal courts have inherent power to limit a pauper's access to courts if a party has engaged in a pattern of litigation activity that is manifestly abusive. *See Cauthon v. Rogers*, 116 F.3d 334, 1337 (10th Cir. 1997); *Schlicher v. Thomas*, 111 F.3d 777, 780-81 (10th Cir. 1997). In other words, a district court may properly impose filing restrictions when a *pro se* litigant has abused the privilege of proceeding *in forma pauperis* and the leniency afforded by his *pro se* status. *See Werner v. State of Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994).

The Court did not dismiss Clay's case with prejudice. Instead, it dismissed without prejudice subject to the condition that he pay the filing fee. Another court within this district has also recently concluded that Clay is not entitled to proceed as a pauper under 28 U.S.C. § 1915(g). *See Clay v. Correctional Manage Health Care/UTMB, et al.*, Civil Action No. G-05-0569 (S.D. Tex. Nov. 3, 2005). The district court in that case aptly characterized Clay as a "recreational litigator," and commented that he should not be allowed to avoid the three-strikes bar because of his record of contumacious conduct. This Court agrees. Clay does not dispute that he filed any of the cases referenced in the dismissal order and he fails to otherwise show that § 1915(g) does not apply to him.

Based on the foregoing, the Court concludes that the plaintiff's objections to the dismissal order are without merit and that he is not entitled to relief from the final judgment. Accordingly, to the extent that his objections are governed by Rule 60(b), it is **ORDERED**

that the plaintiff's motion (Docket Entry No. 5) is **DENIED**.

<u>The Clerk will provide a copy of the plaintiff's notice of appeal (Docket Entry No. 5) to the Fifth Circuit. Because he is barred from proceeding as a pauper by § 1915(g), Clay is advised that he must pay the full appellate filing fee ($255.00) within thirty days of the date of this order</u>.

The Clerk shall provide a copy of this order to the plaintiff.

SIGNED at Houston, Texas, on **December 12, 2005.**

_____
Nancy F. Atlas
United States District Judge